FILED 11 MAR 31 16:27 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 99-403-2-JO |
| | ) | (Civil No. 07-70033) |
| v. | ) | |
| | ) | <u>O R D E R</u> |
| ALBERTO MILAN-CONTRERAS, | ) | |
| | ) | |
| Defendant. | ) | |

Ethan D. Knight
Pamala R. Holsinger
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Room 600
Portland, OR 97204-2902

  Attorneys for United States-Respondent

Per C. Olson
HOEVET BOISE & OLSON, PC
1000 S.W. Broadway, Suite 1500
Portland, OR 97205

  Attorney for Defendant-Petitioner

JONES, Judge:

Petitioner Alberto Milan-Contreras, who is proceeding *pro se*, brings this motion for reduction or adjustment of his sentence pursuant to 28 U.S.C. § 2255 (#84). The petitioner seeks to reduce the term of 78 months imprisonment that the court imposed on January 5, 2006 (#70). For the reasons set forth below, petitioner's motion is denied.

## BACKGROUND

The procedural history of this case is well known by the parties; I will not repeat it except as necessary to explain my reasoning. After a two-day jury trial petitioner Milan-Contreras was found guilty of possession with intent to distribute more than 50 grams of cocaine (Count 2) and possession of methamphetamine (Count 3). The Presentence Investigation Report prepared for the court by the U.S. Probation Office recommended a sentence of 97 to 121 months based on the U.S. Sentencing Commission Guidelines ("Guidelines"). At the time of sentencing, petitioner raised a number of objections to the advisory Guidelines calculations which were well taken, and the court accordingly reduced his offense level a total of four levels. (*See* Transcript of Sentencing Proceedings (#80).) Based on the court's reductions, the sentencing guideline range was lowered to 63 to 78 months. The petitioner was thereafter sentenced to 78 months for Count 2, and 12 months for Count 3, with the sentences to run concurrently, as well as 3 years of supervised release and a total of $125 in special assessment fees. (Judgment (#70).)

In his current motion, petitioner argues that as a consequence of his deportable alien status he is subject to unnecessarily harsh collateral consequences during his imprisonment. Because he is a deportable alien, Milan-Contreras is designated as a "Public Safety Factor." *See* Federal Bureau of Prisons, Program Statement 5100.08, Inmate Security Designation and

2 - ORDER

Custody Classification Manual Ch. 5 p. 9 (United States Department of Justice 2006). This designation renders him ineligible to serve his sentence in a minimum security facility or to serve the last ten percent of his sentence in a halfway house or other community custody program. Id.

## DISCUSSION

### Available Relief Under 28 U.S.C. § 2255

Petitioner brings this action pursuant to 28 U.S.C. § 2255, which allows a federal inmate to challenge his sentence on the grounds that it was "imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Petitioner has neither claimed nor adduced any evidence that his sentence was imposed in violation of the Constitution or the laws of the United States. Further, he has not claimed, and there is no evidence in the record, that the sentence was in excess of the maximum authorized by law or that this court was without jurisdiction to impose his sentence. See 21 U.S.C. § 841(b)(1)(B)(viii); 21 U.S.C. § 844(a). Petitioner does not assert that his sentence is subject to collateral attack[1]; the sole basis of his petition is to argue that the court should exercise its discretion to reduce his sentence to recognize the disparate treatment he is receiving from the Bureau of Prisons ("BOP") due to his status as a deportable alien. Therefore, he fails to state a claim that can be remedied under § 2255.

### The Court's Authority to Adjust the Sentence

---

[1] As the Supreme Court has noted, "unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited. . . . [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (citations omitted). Petitioner has not alleged an error of this magnitude.

3 - ORDER

Petitioner identifies a variety of ways in which the court, in its discretion, has the power to reduce his term of imprisonment. First, petitioner cites to the language in 18 U.S.C. § 3582(c)(2) that "if such a reduction is consistent with applicable policy statements in the Sentencing Guidelines," a court can reduce an imposed term of imprisonment. (Pet'r Br. at 2.) Petitioner has correctly identified that the statutory exceptions to the finality of sentencing decisions are set forth in 18 U.S.C. § 3582(c). However, he neglects to include the rest of the language found in the statute. The only provision of § 3582(c) that is arguably relevant in petitioner's case allows the court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(B)(2). However, because the Guideline applicable to petitioner's offenses has not been subsequently lowered, the petitioner cannot rely on § 3582(c)(1)(B)(2) for relief.

Next, in support of his general argument that the court should somehow reduce his term of imprisonment to acknowledge the collateral consequences of his deportable alien status, petitioner cites a number of cases approving a judge's authority to depart downward at sentencing. For the proposition that a judge is able to depart downward based on mitigating factors, petitioner cites two cases. From the Eight Circuit, petitioner cites a case in which the court held that atypical post-offense rehabilitation can be a legitimate basis in and of itself for downward departure. (Pet'r Br. 11, citing United States v. Chapman, 356 F.3d 843 (8th Cir. 2004).) In addition, petitioner cites Koon v. United States, 518 U.S. 81 (1996) for the proposition that a district court can depart from the Guidelines if the reason is not prohibited, discouraged, or previously addressed by the Guidelines. (Pet'r Br. at 11.) Finally, petitioner cites

4 - ORDER

a Fifth Circuit case in which the district court was instructed to recalculate a sentence based on a change in the Sentencing Guidelines. (Pet'r Br. at 2, citing United States v. Towe, 26 F.3d 614 (5th Cir. 1994).) To the extent that petitioner has cited authority from other jurisdictions, those cases are informative but not binding. Further, petitioner misinterprets the significance of those holdings. There is no dispute that the court has discretion to depart downward at sentencing under certain circumstances. *See* United States v. Defterios, 343 F.3d 1020, 1023 (9th Cir. 2003) ("As a general rule, a district court is free to depart downward on the basis of any factor not categorically forbidden by the guidelines"). However, as discussed below, the court does not have the authority in this case to further alter petitioner's term of imprisonment after sentencing.

In his third argument that the court should reduce his term of imprisonment, petitioner cites authority from another jurisdiction approving the downward departure at sentencing based on the defendant's status as a deportable alien. United States v. Restrepo, 802 F. Supp. 781 (E.D.N.Y. 1992). However, this case, from which petitioner derives the majority of his brief, has been overruled by the Second Circuit. United States v. Restrepo, 999 F.2d 640 (2nd Cir. 1993) (finding consideration of an alien's inability to serve his sentence in minimum security prison and ineligibility for community confinement an inappropriate basis for departure).

Although petitioner's citation to Restrepo is unavailing, the Ninth Circuit has acknowledged that a district court has limited discretion to adjust a defendant's sentence downward at the time of sentencing due to the severity of confinement associated with the defendant's deportable alien status. *See* United States v. Davoudi, 172 F.3d 1130, 1134-35 (9th Cir 1999) (district court had discretion to depart downward because deportable aliens may be unable to take advantage of up to six months of home confinement as authorized by

18 U.S.C. § 3624(c)); United States v. Charry Cubillos, 91 F.3d 1342, 1345 (9th Cir 1996) (remanding without disapproving the district court's downward departure based on deportable alien's ineligibility for minimum security and community confinement). Despite such authority, this court has only a limited ability to modify a sentence after it has been imposed and this case does not fall into any of the applicable exceptions. In addition, while the Ninth Circuit has recognized that a downward departure based on deportable alien status can be an acceptable use of discretion, it has also pointed out that, "[t]he district court should consider why [a defendant] is ineligible for minimum security and community confinement." Charry Cubillos, 91 F.3d at 1345. In Charry Cubillos the Ninth Circuit reasoned that the ability to serve the last ten percent of one's sentence in a halfway house or similar program is to facilitate reentry into the community; however, because deportable aliens will not be reintroduced into the community, exercising this option would be inappropriate. Id. at 1344-1345.; *see also* Gambino v. Gerlinski, 96 F.Supp.2d 456 (M.D.Pa. 2000) (collecting cases in which deportable aliens' ineligibility for community confinement upheld as valid use of BOP authority). In this case the court declined to give petitioner a downward departure based on his deportable alien status at the time of sentencing. Congress has delegated the responsibility to make custodial classifications to the Bureau of Prisons, and this court will not disturb the regulations at issue. 18 U.S.C. § 4042.

Finally, petitioner cites several Supreme Court cases in which the hardship inflicted by deportation is acknowledged. *E.g.* Jordan v. De George, 341 U.S. 223, 231 (1951) ("The Court has stated that 'deportation is a drastic measure and at times the equivalent of banishment or exile.'") (citations omitted). While deportation may in fact be a great penalty on petitioner, the 78 months of imprisonment imposed by this court was based on the jury's guilty verdict on two

6 - ORDER

felony narcotics counts and was correctly calculated under the advisory Guidelines. Further, the Ninth Circuit has unequivocally held that a downward departure in sentencing based solely on the basis of deportability is not appropriate. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).

While the petitioner is correct that this court has discretion to depart downward in a number of circumstances, the court must exercise that discretion at the time of sentencing. *See, e.g.*, Charry Cubillos, 91 F.3d at 1345. Once the sentencing decision has been made it is final, barring a few exceptions. Addonizio, 442 U.S. at 189 ("[O]nce a sentence has been imposed, the trial judge's authority to modify it is also circumscribed."); United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003) ("A court generally may not correct or modify a prison sentence once it has been imposed."); *see also* United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) ("[N]onconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255.")

In his argument petitioner has pointed out that, due to his status as a deportable alien, the terms of his incarceration are more onerous compared to a U.S. citizen serving an identical sentence. To the extent that this raises a question of equal protection, that claim also fails. In McLean v. Crabtree, the Ninth Circuit examined whether exclusion of inmates with detainers from community confinement programs violated the equal protection clause, and held that the category "prisoners with detainers" does not constitute a suspect classification. 173 F.3d 1176, 1186 (9th Cir 1999). The classification withstood rational basis review because of the BOP's valid concern that inmates with detainers presented a significant flight risk in community based

7 - ORDER

programs. Id. Accordingly, petitioner fails to state a claim for relief under any potentially applicable federal criminal rule or statute.

At sentencing the court was aware of petitioner's status as a deportable alien. Even if petitioner's counsel had specifically raised this argument for downward departure at the sentencing hearing, it would not have changed the length of the prison term that I imposed.[2] As it is, petitioner did raise a number of arguments at sentencing, two of which had merit, and accordingly I recalculated the advisory Guidelines range and reduced petitioner's sentence by nineteen months. Petitioner's sentence was based on considerations of the nature and circumstances of the offense, his history and characteristics and is "sufficient, but not greater than necessary" to achieve the goals set forth in 18 U.S.C. § 3553. There was no error, procedural or otherwise, which would warrant relief under 28 U.S.C. § 2255.

## CONCLUSION

Based on the forgoing, petitioner's motion for reduction of his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

---

[2] Counsel's decision to forgo rasing that argument not invite an ineffective assistance of counsel claim. Carmona-Nava v. United States, 2006 WL 3513685, *5 (D.Or. 2006) (rejecting a §2255 claim for ineffective assistance of counsel although lawyer did not raise petitioner's deportable alien status as a reason for downward departure in sentencing).

8 - ORDER

The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 31st day of March, 2011.

_____
ROBERT E. JONES
U.S. District Judge

9 - ORDER